**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **SHIRLEY LIDDY,** | **CASE NO. 1:12-CV-1774** |
| Plaintiff, | |
| v. | **JUDGE CHRISTOPHER A. BOYKO** |
| **OFFICER JOSEPH MEGYESI,** *et al.*, | **MAGISTRATE JUDGE GREG WHITE** |
| Defendants. | **REPORT & RECOMMENDATION** |

On September 18, 2012, this matter was referred pursuant to Local Rule 72.1 for pretrial supervision to include recommendations on dispositive motions. (Doc. 9.) Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint. (Doc. No. 8.) Plaintiff was granted until October 30, 2012, to oppose, but no brief was submitted. For the following reasons, the Court recommends that Defendants' Motion to Dismiss be granted.

### I. Procedural Background

On July 11, 2012, *pro se* Plaintiff Shirley Liddy ("Liddy"), as the administrator of her son, Richard Liddy's, estate, filed the Complaint asserting a civil rights claim under 42 U.S.C. § 1983 naming as Defendants four Kirtland, Ohio police officers – Officer Joseph Megyesi, Officer "John" Fisher, Officer David Perez, and Sergeant James Travano. Liddy alleges that Defendants violated Richard Liddy's constitutional rights under the Fifth, Sixth, and Fourteenth Amendments. Liddy is re-instituting an action originally brought by her son, in this Court in Case No. 07cv3165, which was dismissed on defendants' summary judgment motion. (Doc. No. 98, 07cv3165.) On November 19, 2010, the Sixth Circuit affirmed. (Doc. No. 110, 07cv3165.) That same month, Richard Liddy died. Compl. ¶ 3. The Court finds that the two cases are factually similar, except that Liddy attempts now to recover against the four police officers all of

whom had previously been dismissed because of untimely service.[1] Presently, Officer Megyesi, Officer Fisher, and Sgt. Travano (collectively hereinafter referred to as "Defendants") have been properly served, but contend that the Complaint should be dismissed as the statute of limitations governing this action has expired. Furthermore, Officer Perez has not been properly served.

## II. Factual Background

In the instant Complaint, Liddy states as follows:

- She is Richard Liddy's mother and the administrator of his estate. (Compl., at ¶ I, p. 1.)

- She alleges that she discovered on or about December, 2011, after Richard Liddy's death, that a portion of his previously filed civil rights action was dismissed without prejudice for "lack of service and/or improper service."[2] *Id*. at ¶¶ I, IV at 8.

- Richard Liddy died in November, 2011, while serving time in an Ohio state prison for three felony drug charges. *Id*. at ¶ III at 3.

- The "plaintiff" referred to in the complaint all refer to Richard Liddy. *Id*.

- On October 26, 2005, Richard Liddy was stopped for an expired license plate by Officer Megyesi, a Kirtland City Police Officer. *Id* at ¶ 8. Richard Liddy and the two passengers (his daughter and her boyfriend) were transported to the Kirtland City Jail and held for about six hours. *Id.* at ¶ 9.

- After Richard Liddy invoked his right to remain silent and right to counsel, the defendants placed him in a cell and "repeatedly attempted to force Plaintiff to answer questions," and when he refused to do so defendants "use[d] force hitting and striking Plaintiff['] s body and threatened him with severe bodily harm if he

---

[1] In the 2007 case, Richard Liddy's complaint also named the City of Kirtland and Wayne Baumgart, Chief of the Kirtland Police Department, for failing to properly train the other defendants. (Doc. No. 1, 3, & 8 - Case No. 07cv3165.)

[2] Liddy appears to be referencing Fed.R.Civ.P. 4(m) which provides that the Court must dismiss an action without prejudice against any defendant not served within 120 days after the filing of the complaint or order service within a certain amount of time. *See Weaver v. Astrue*, 2012 WL 4718563 (N.D. Ohio Oct. 3, 2012).

Here, on April 28, 2008, the Court adopted the Magistrate Judge's Report, recommending that the individual defendants' motion to dismiss be granted for insufficiency of service of process. (Doc. Nos. 20 & 21.) Subsequently, Liddy attempted to perfect service on the officers. (Doc. Nos. 22-25.) On December 8, 2008, the police officers filed a second motion to dismiss on the basis that they were not timely served. (Doc. No. 71.) A second Report and Recommendation was adopted granting the motion on March 4, 2009. (Doc. No. 100.)

2

- refused to cooperate." *Id*. at ¶¶ 10-12. It is further alleged that Plaintiff was handcuffed, thrown on the floor, and defendants took turns hitting and punching him. *Id* at ¶ 14. Plaintiff also alleged that he was carried in a "hog-tied horizontal position, then hung. . . up vertically to the window." *Id*. at ¶ 16. Plaintiff contends that the narcotics officers arrived and seated him in a chair, but he was not provided medical care for his injuries. *Id*. at ¶ 17.

- On March 26, 2006, the trial court determined at a pretrial hearing that more than four minutes of the State's video-taped evidence against Plaintiff had been tampered with by the defendants. *Id*. at ¶¶ 21-22. Plaintiff alleged that based on defendants' misconduct, the court dismissed the charges against him. *Id*. at ¶ 23-24.

- Plaintiff alleged he suffered physical, mental and emotional distress as well as loss of assets (automobile was confiscated and never returned). *Id*. at ¶¶ 25-28.

The Defendants filed a Motion to Dismiss contending that the Complaint is barred as it was filed beyond a two-year statute of limitations applicable to survivorship claims under § 1983. They also assert that it is barred by the doctrine of *res judicata*.

### III. Standard

To determine whether a complaint states a claim upon which relief can be granted, the Court accepts the plaintiff's factual allegations as true and construes the complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

In order "to survive a motion to dismiss a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (*quoting in part Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 1965, 167 L.Ed.2d 929 (2007)).[3] A statute of limitations defense may be raised and decided on a motion to dismiss under Fed.R.Civ.P. 12(b)(6) when it is apparent on the face of the complaint. *Pierce v. County of Oakland*, 652 F.2d 671 (6th Cir. 1981); *Lundblad v. Celeste*, 874 F.2d 1097 (6th Cir. 1989) (reversed on other grounds); *Coleman v. Montgomery Cnty Bd. Of Cnty. Comm'r*, 2006 WL 3366193, *1 (S.D. Ohio Nov. 20, 2006).

Moreover, it is well-settled that "inartfully pleaded allegations in a *pro se* complaint are

---

[3]Defendants do not challenge on plausibility grounds.

3

held to less stringent standards than formal pleadings drafted by lawyers." *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (internal quotation marks omitted) (*citing Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Further, allegations in *pro se* pleadings are entitled to "liberal construction" which sometimes requires "active interpretation ... to encompass any allegation stating federal relief." *Id*.

### IV. Law and Analysis

Section 1983 creates a cause of action for deprivation of civil rights.[4] By its own terminology, the statute grants the cause of action "to the party injured." *See Jaco v. Bloechle*, 739 F.2d 239, 241 (6th Cir. 1984); *see also Purnell v. City of Akron*, 925 F.2d 941, 948–49 n. 6 (6th Cir. 1991); *May v. County of Trumbull*, 127 F.3d 1102 (Table), 1997 WL 651662, at *4 (6th Cir. Oct. 20, 1997) (*per curiam*); *Tinch v. City of Dayton*, 77 F.3d 483 (Table), 1996 WL 77445, at *1 (6th Cir. Feb. 20, 1996) (*per curiam*). A § 1983 action, however, is personal to the one whose constitutional rights were allegedly violated. *Jaco*, 739 F.2d at 242. Accordingly, only the purported victim, or his estate's representative, may prosecute such a claim.

In determining whether an action survives after a plaintiff's death, the United States Supreme Court in *Robertson v. Wegmann*, 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978), mandated that determination of the applicable survivorship rule for actions arising pursuant to 42 U.S.C. § 1983, was governed by 42 U.S.C. § 1988.[5] In *Robertson*, the Court stated that:

---

[4]In relevant part, the statute reads:

**§ 1983. Civil action for deprivation of rights**.

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

[5]Section 1988 reads in relevant part:

The jurisdiction in civil and criminal matters conferred on the district courts by

> This statute recognizes that in certain areas "federal law is unsuited or insufficient 'to furnish suitable remedies'"; federal law simply does not "cover every issue that may arise in the context of a federal civil rights action." *Moor v. County of Alameda*, 411 U.S. 693, 702, 703, 93 S.Ct. [1785] 1795, 1792, 36 L.Ed.2d 596 (1973), *quoting* 42 U.S.C. § 1988.  When federal law is thus "deficient", § 1988 instructs us to turn to "the common law, as modified and changed by the constitution and statutes of the (forum) State," as long as these are "not inconsistent with the Constitution and laws of the United States."
>
> * * *
>
> [O]ne specific area not covered by federal law is that relating to "the survival of civil rights actions under § 1983 upon the death of either the plaintiff or defendant."

*Robertson*, 436 U.S. at 587, 589, 98 S.Ct. at 1994.

Ohio's general survival statute provides that a victim's right of action for personal injuries survives and passes to his personal representative. Ohio Rev. Code ("O.R.C.") § 2305.21.[6] A survivorship action may be brought by the decedent's personal representative on behalf of his estate. *Garrett v. Belmont Cnty. Sheriff Dept.*, 2011 WL 94607, *2 (S.D. Ohio, Jan. 10, 2011) (*citing Jones v. Wittenberg Univ.*, 534 F.2d 1203, 1207 (6th Cir. 1976)). Liddy's § 1983 action filed on behalf of her son's estate is properly considered as a claim of personal

---

> the provisions of this Title, and of Title "CIVIL RIGHTS," and of the Title "CRIMES," for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.
>
> [6]O.R.C. § 2305.21 provides:
>
> In addition to the causes of action which survive at common law, causes of action for mesne profits, or injuries to the person or property, or for deceit or fraud, also shall survive; and such actions may be brought notwithstanding the death of the person entitled or liable thereto.

5

injury preserved by the survivorship statute. *See Tinch v. City of Dayton*, 77 F.3d 483 (table), 1996 WL 77445 at *2 (6th Cir. Feb. 20, 1996); *Hall v. Wooten*, 506 F.2d 564 (6th Cir. 1974) (applying Kentucky survivorship statute); *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000) (Estate administrators may file complaints on behalf of decedents as long as they are alleging violations of the decedent's constitutional rights.)

The United States Supreme Court unanimously held that when a state has multiple statutes of limitation for personal injury actions, the appropriate one to borrow for claims brought under 42 U.S.C. § 1983 is the one applicable to residual or general personal injury. *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003) (*citing Wilson v. Garcia*, 471 U.S. 261, 105 S. Ct. 1938, 1946, 85 L. Ed. 2d 254 (1985)); *Owens v. Okure*, 488 U.S. 235, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989). The appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in O.R.C. § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual. *Browning v. Pendleton*, 869 F.2d 989, 991–92 (6th Cir. 1989).

Although the statute of limitations for § 1983 actions are borrowed from state law, the actions accrue and the statutory period begins to run according to federal law. *See Wallace v. Kato*, 549 U.S. 384, 388, 127 S.Ct. 1091 (2007). The general federal rule is that "the statute of limitations begins to run when the reasonable person knows, or in the exercise of due diligence should have known, both his injury and the cause of that injury." *Bishop v. Children's Ctr. for Developmental Enrichment*, 618 F.3d 533, 536-537 (6th Cir. 2010) (*quoting Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001)). Because the § 1983 action is personal to Richard Liddy, the limitations period would necessarily have begun to run when he knew or had reason to know of his alleged injury, not when the personal representative of his estate became aware of the injury. *See Garrett*, 2011 WL 94607 at *2.

Consequently, Liddy's claim accrued on the date that Richard Liddy became aware of his injuries, the date of the alleged incident with the police, October 26, 2005. This survival action was filed in July, 2012, well beyond the expiration of the two-year statute of limitations. Therefore, Liddy's survivorship claims on behalf of Richard Liddy are barred by the statute of

limitations.

Liddy's claims are also barred because they were previously litigated. Under the doctrine of *res judicata*, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Township*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995). Here, the Sixth Circuit affirmed the grant of summary judgment to the City of Kirtland and the Chief of Police finding that Richard Liddy had not established deliberate indifference or demonstrated a dispute regarding the adequacy of the officers' training. (Doc. No. 110, Case No. 07-cv-3165.) As to the individually named police officers, the Sixth Circuit found that the district court had not abused its discretion in dismissing the complaint as the officers were not served timely. *Id*. Liddy is mistaken in her belief that the Defendants were dismissed without prejudice. The Court's dismissal for lack of timely service operated as an adjudication on the merits.[7]

Even though the instant Motion to Dismiss did not include Officer Perez as a moving defendant, the Court finds that if he had been properly served, the same arguments would be applicable – the statute of limitations would also have expired and *res judicata* would be applicable as he was a named defendant in the 2007 case.

In addition, Liddy had 120 days in which to complete service on Officer Perez. *See* Fed.R.Civ. P. 4(m). The Complaint was filed on July 11, 2012, and, therefore, Officer Perez should have been served by November 8, 2012. According to the docket, he has not yet been served. Liddy was on notice that service of process was deficient through the Defendants'

---

[7]Fed.R.Civ.P. 41(b) provides:

If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Motion to Dismiss, but she did not correct the deficiency.

## V. Conclusion

For the above reasons, the Court recommends that the Complaint be dismissed in its entirety.

s/ Greg White<br>United States Magistrate Judge

Date:  November 13, 2012

**OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation.**  *See* **28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.**  *See United States v. Walters***, 638 F.2d 947 (6th Cir. 1981).**  *See also Thomas v. Arn***, 474 U.S. 140 (1985),** *reh'g denied***, 474 U.S. 1111 (1986).**